UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY L. RODRIGUEZ,

        Petitioner,               Case No. 1:16-cv-224

v.                                         Honorable Gordon J. Quist

DeWAYNE BURTON,

        Respondent.
_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

**Discussion**

I.   Factual Allegations

Petitioner Timothy L. Rodriguez is incarcerated at the Richard A. Handlon Correctional Facility in Ionia, Michigan. On April 13, 1998, an Eaton County Circuit Court jury convicted Petitioner of first-degree murder in violation of MICH. COMP. LAWS § 750.316, conspiracy to commit first-degree murder in violation of MICH. COMP. LAWS § 750.157a, and possession of a firearm in the commission of a felony in violation of MICH. COMP. LAWS § 750.227b. On June 10, 1998, the court sentenced Petitioner as a second habitual offender, MICH. COMP. LAWS § 769.10, to two concurrent life terms of imprisonment for the first-degree murder and conspiracy convictions and a consecutive two-year term for the felony-firearm violation.

Petitioner directly appealed his convictions to the Michigan Court of Appeals. That court affirmed the conviction on November 28, 2000. Petitioner applied for leave to appeal to the Michigan Supreme Court. The Michigan Supreme Court denied the application on May 29, 2001. Petitioner filed a timely motion for reconsideration which the supreme court denied on August 28, 2001. Petitioner did not apply to the United States Supreme Court for a writ of certiorari.

On August 26, 2003, counsel, purportedly on behalf of Petitioner, filed a motion for relief from judgment under MICH. CT. R. 6.500 *et seq.* in the Eaton County Circuit Court. The court denied the motion on March 10, 2004. Petitioner contends the motion was filed without his knowledge or consent and that he never retained counsel or authorized the filing of the motion. When he became aware of the motion, he objected but the trial court offered him no relief. On May 19, 2005, Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals. That application was denied by order dated January 23, 2006. Petitioner then filed an applicaiton

for leave to appeal in the Michigan Supreme Court. The Michigan Supreme Court denied that application initially on July 31, 2006, and upon reconsideration on January 29, 2007.

Petitioner identifies several other subsequent state court proceedings including a civil complaint alleging fraud and infliction of emotional distress against the attorneys and firm that filed the unauthorized motion for post-conviction relief, a "Request for Clarification" in the Eaton County Circuit Court that the court considered and denied as a successive motion for relief from judgment, a motion for evidentiary hearing in the Eaton County Circuit Court, and habeas corpus petitions in the Ionia County Circuit Court and the Michigan Court of Appeals.

Petitioner filed his application in this Court on or about February 29, 2016.[1]

II.    Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[1] Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner dated his application on February 29, 2016, and it was received by the Court on March 2, 2016. The application indicates it was placed in the prison mailing system on February 29, 2016. (ECF No. 1, PageID.15.) For purposes of this Report and Recommendation, I have given Petitioner the benefit of the earliest possible filing date. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)).

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). "The subsection . . . provides one means of calculating the limitation with regard to the 'application' as a whole, § 2244(d)(1)(A) (date of final judgment), but three others that require claim-by-claim consideration, § 2244(d)(1)(B) (governmental interference); § 2244(d)(1)(C) (new right made retroactive); § 2244(d)(1)(D) (new factual predicate)." *Pace v. DeGuglielmo*, 544 U.S. 408, 416 n.6 (2005).

In every case the court must determine the date provided by § 2244(d)(1)(A), and then evaluate whether it is later than the dates provided by subparagraphs (B), (C), or (D) if those subparagraphs are applicable to one or more of the claims raised in the application. Petitioner does not allege governmental interference; nor does he allege a new right made retroactive. Thus, the dates provided by subparagraphs (B) and (C) are inapplicable. Petitioner's fourth ground for habeas relief, however, indicates that it is based on newly discovered evidence. Accordingly, the Court must examine the date the factual predicate of Petitioner's fourth habeas ground "could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).

Under § 2244(d)(1)(D), the limitations period begins to run when a petitioner knows, or through due diligence, could have discovered, the important facts for his claims, not when he actually discovered those facts. *See Redmond v. Jackson*, 295 F. Supp. 2d 767, 771 (E.D.Mich.

2003) (*citing Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000)). Section 2244(d)(1)(D) "does not convey a statutory right to an extended delay while a petitioner gathers every possible scrap of evidence that might support his claim." *Redmond,* 295 F.Supp.2d at 771 (*quoting Sorce v. Artuz*, 73 F. Supp. 2d 292, 294-95 (E.D.N.Y. 1999)). "Rather, it is the actual or putative knowledge of the pertinent facts of a claim that starts the clock running on the date on which the factual predicate of the claim could have been discovered through due diligence, and the running of the limitations period does not await the collection of evidence which supports the facts, including supporting affidavits." *Redmond,* 295 F.Supp.2d at 772 (*citing Tate v. Pierson*, 177 F. Supp. 2d 792, 800 (N.D. Ill. 2001), and *Flanagan v. Johnson*, 154 F.3d 196, 198-99 (5th Cir. 1998)). A habeas petitioner has the burden of persuading the court that he exercised due diligence in his search for the factual predicate of his claim. *Stokes v. Leonard*, 36 Fed. Appx. 801, 804 (6th Cir. 2002).

Here, Petitioner "discovered" his new evidence on January 15, 2016. On that date, Petitioner received a letter from the court indicating that there is no transcript of his December 10, 1997 state district court arraignment in the court file. (ECF No. 1, PageID.10.) The petition is silent, however, as to Petitioner's exercise of due diligence in searching for the factual predicate of this habeas claim. To the extent the absence of the arraignment transcript could form the basis for habeas relief, Petitioner offers nothing to indicate that the absence of the transcript (or the absence of a district court arraignment proceeding, if that is his contention) could not have been discovered immediately upon his conviction in connection with the pursuit of his direct appeal. Section 2244(d)(1)(D) therefore is inapplicable. Accordingly, the latest date from which the one-year limitations period could be measured is the date provided by § 2244(d)(1)(A).

Under § 2244(d)(1)(A), the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). According to paragraph nine of Petitioner's application, Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application on May 29, 2001, and his motion for reconsideration on August 28, 2001. Petitioner did not petition for certiorari to the United States Supreme Court. The one-year limitations period, however, did not begin to run until the ninety-day period in which Petitioner could have sought review in the United States Supreme Court had expired. *See Lawrence v. Florida*, 549 U.S. 327, 332-33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on November 26, 2001.

Petitioner had one year from November 26, 2001, to file his habeas application. Petitioner filed on February 29, 2016. Obviously, he filed more than one year after the time for direct review expired. Thus, his application is time-barred.

The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed"). The tolling provision does not "revive" the limitations period (i.e., restart the clock); it can only serve to pause a clock that has not yet fully run. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001). Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations. *Id.*; *McClendon v. Sherman*, 329 F.3d 490, 493 (6th Cir. 2003). Even where the post-conviction motion raises a claim of ineffective

assistance of appellate counsel, the filing of the motion for relief from judgment does not revive the statute of limitations. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (citing *McClendon*, 329 F.3d at 490). Because Petitioner's one-year period expired in 2002, his collateral motion filed in 2003 and various subsequent state court proceedings do not serve to revive the limitations period.

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See, e.g., Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009). A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence*, 549 U.S. at 335; *Hall*, 662 F.3d at 750; *Akrawi*, 572 F.3d at 260.

Petitioner has failed to raise equitable tolling or allege any facts or circumstances that would warrant its application in this case. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *see also Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007); *Harvey v. Jones*, 179 F. App'x 294, 299-300 (6th Cir. 2006); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir.

1999) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing."). Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

In *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-32 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. In order to make a showing of actual innocence under *Schlup*, a Petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin*, 133 S. Ct. at 1935 (quoting *Schlup*, 513 U.S. at 329 (addressing actual innocence as an exception to procedural default)). Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence. *McQuiggin,* 133 S.Ct. at 1936.

In the instant case, Petitioner does not claim actual innocence. He proffers no new evidence of his innocence, much less evidence that makes it more likely than not that no reasonable jury would have convicted him. *Schlup*, 513 U.S. at 329. Because Petitioner has wholly failed to provide evidence of his actual innocence, he is not excused from the statute of limitations under 28 U.S.C. § 2244(d)(1). Petitioner's application is time barred.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 210. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file

objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

### Recommended Disposition

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).


Dated:  March 29, 2016              /s/ Ray Kent
                                    RAY KENT
                                    United States Magistrate Judge


### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).