UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

TIMOTHY L. RODRIGUEZ,

        Petitioner,                                 Case No.  1:16-CV-224

v.

                                                           HON. GORDON J. QUIST

DeWAYNE BURTON,

        Respondent.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

On March 29, 2016, Magistrate Judge Ray Kent issued a Report and Recommendation (R & R) recommending that the Court deny the petition filed by Petitioner, Timothy L. Rodriguez, as untimely. Rodriguez filed objections to the R & R. Pursuant to 28 U.S.C. § 636(b)(1), upon receiving objections to an R & R, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."

Rodriguez argues that his petition is not time-barred because he has newly discovered evidence—namely, that the state court never conducted an arraignment after arresting Petitioner. As the magistrate judge explained, however, Petitioner has failed to demonstrate that he could not have discovered this evidence earlier through due diligence. Accordingly, the Court rejects Petitioner's argument with respect to the arraignment.

Rodriguez also objects to the magistrate judge's conclusion that Rodriguez is not entitled to equitable tolling. Rodriguez essentially argues that his attorney for the state court post-conviction proceedings was ineffective. Even if that were a basis for equitable tolling, however, it would not explain why Rodriguez waited more than 10 years after firing his attorney to file a petition in this Court. Accordingly, Rodriguez has not demonstrated that he is entitled to equitable tolling.

Finally, Rodriguez argues that he is actually innocent of the crimes of which he was convicted. To invoke the miscarriage of justice exception to the statute of limitations, a petitioner "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1935 (2013) (internal quotation marks omitted). Rodriguez has failed to point to any evidence that would have changed the jury's verdict. Accordingly, the Court rejects Rodriguez's actual innocence argument.

The Court must also determine whether a certificate of appealability should be granted. 28 U.S.C. § 2253(c)(2) A certificate should issue if a petitioner has demonstrated "a substantial showing of a denial of a constitutional right." *Id.* The district court must "engage in a reasoned assessment of each claim" under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. To warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 529 U.S. at 484, 120 S. Ct. at 1604. The Court finds that reasonable jurists could not find that the dismissal of Rodriguez's claims was debatable or wrong. Thus, the Court will deny Rodriguez a certificate of appealability. Therefore,

**IT IS ORDERED** that the Report and Recommendation of the magistrate judge, filed March 29, 2016 (dkt. #3), is approved and adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** that Petitioner's Objections (dkt. #4) are **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's habeas corpus petition is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

This case is **concluded**.

A separate judgment shall issue.

Dated: May 26, 2016            /s/ Gordon J. Quist
                               GORDON J. QUIST
                               UNITED STATES DISTRICT JUDGE